PITTMAN v. WESTERN UNION TELEGRAPH CO.

[66 South. 977.]

TELEGRAPHS AND TELEPHONES. *Death message. Transmission. Negligence. Exemplary damages.*

In a suit by the sendee of a death message for the statutory penalty and for actual and punitive damages for failure to transmit and receive correctly such message, where the message was addressed to D. H. "Pittman," but the receiving operator understood it to be "Pillman" and knowing there was no such person changed it to "Hillman," and being still uncertain as to the addressee, the operator sent a service message to the sending office inquiring whether the name was "Pillman" or "Hillman" and was answered that the name was "Pittman," but she understood the message to read "Hillman," and being still dissatisfied, sent another service message, to which no reply was made, and the message was never delivered. In such case the plaintiff was entitled to have submitted to the jury his right to recover punitive damages.

APPEAL from the circuit court of Sunflower county.
HON. MONROE McCLURG, Judge.

Suit by D. H. Pittman, against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Whitfield & Whitfield* and *J. L. Williams,* for appellant.

*Hirsh, Dent & Landau,* for appellee.

COOK, J., delivered the opinion of the court.

Appellant sued appellee for the statutory penalty, and for actual and punitive damages on account of the alleged gross negligence on the part of its agents in failing to transmit and receive correctly a telegram announcing the death of appellant's brother. The court directed the jury to find the statutory penalty, but refused to submit to the jury the question of punitive damages. The telegram as written by the sender was in these words:

"Wanilla, Miss.
"D. H. Pittman, Indianola, Miss.
"Come at once. Papa is in a dying condition.
"[signed] Oscar."

As received by the agent of appellee the telegram was made to read:
"Mr. D. H. Hillman, Indianola, Miss.
"Come at once. Papa is in a dying condition.
"O. S. Carr."

The agent at Indianola was a young girl about seventeen years of age. She testified that she first received the message as addressed to D. H. Pillman, but knowing there was no such name as "Pillman," she changed it to "Hillman." Being uncertain about it, however, she sent a service message to the sending office, inquiring whether the name was "Pillman" or "Hillman." The operator at the other end of the line said that he answered the service by telling her to deliver the message to "D. H. Pittman," but the girl said she understood him to say that the message should be delivered to "D. H. Hillman." It seems, however, that she was not satisfied with the answer to the first service message, and she sent a second service message. There was no reply

to the second service message, and the record is silent as
to why there was no reply. The failure to reply is'
unexplained. The message was never delivered to the
sendee. In addition to the two service messages, the
young girl at the receiving line said, when she received
the original message, she thought he (the sending oper-
ator) said Pillman.

"I knew it was no such name as that, and I asked him
if it was Hillman, and he said it was, and I changed it to
an H."

There is nothing in the record to explain why the
sending operator changed the letter from P. to H, and
there is no denial that he did so change the initial letter.

We think the court erred in not submitting to the jury
the question of exemplary damages.

*Reversed and remanded.*